IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA BIRKNER,                          )
                                       )
            Plaintiff,                 )
                                       )
        vs.                            )    Civil Action No. 13-103-E
                                       )
CAROLYN W. COLVIN, ACTING              )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
            Defendant.                 )

O R D E R

AND NOW, this 29th day of September, 2014, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 18) filed in the above-captioned matter on November 26, 2013,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on September 9, 2013,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART.  It is GRANTED to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further consideration and DENIED in all other respects. Accordingly, this matter is hereby remanded to the Commissioner

1

for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Pursuant to Section 405(g), when judicial review of a social security decision is sought, the Commissioner must file with its answer a certified copy of the transcript of the record including the evidence upon which the decision being challenged was based. When material information from the administrative proceedings is omitted from the transcript when filed before the district court, it prevents meaningful judicial review and warrants a remand. See Hippensteel v. Soc. Sec. Admin., 302 F. Supp. 2d 382 (M.D. Pa. 2001). Unfortunately, that is the case here.

The short answer to the question of what is wrong with the transcript is that Exhibit 11F is incomplete. The long answer, though, shows the true extent of the problems with this poor exhibit. Exhibit 11F apparently is a 151-page exhibit that was submitted to the administrative law judge ("ALJ") at or before the hearing held on May 26, 2011. (R. 35). The ALJ's decision denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits is particularly thorough and well-written, and includes several citations to specific page numbers of the exhibits that were presented to him, including Exhibit 11F. In fact, Exhibit 11F, as discussed

supra, was fairly significant to the ALJ's decision that Plaintiff was not entitled to benefits.

When Plaintiff filed this appeal and the administrative transcript was prepared, Exhibit 11F purportedly occupied pages 438 to 588 of the transcript.[1] (R. iii). However, when the transcript was first filed in this case on June 24, 2013, a significant portion of Exhibit 11F was omitted, including pages 1-24 of the exhibit, which would be expected to correspond to pages 438-61 of the transcript. This was remedied when the Government filed an errata on August 12, 2013 adding these pages to the transcript. But this was far from the most serious problem with Exhibit 11F.

Immediately following the later-added pages 438-61, right in the middle of Exhibit 11F, starting on page 462 of the transcript, was something called Exhibit 19F,[2] which contained seven pages that belonged nowhere in Exhibit 11F or anywhere else in the transcript because they related, not to Plaintiff, but to a completely different person. The real confusion starts here. Plaintiff's counsel asserted that since these seven pages, albeit labeled Exhibit 19F, were included in the middle

---

[1] The exhibit, as presented to the ALJ, was itself numbered 1-151. For reasons that will become clear later, it is important to pay attention to both the exhibit page numbers and the supposed corresponding transcript page numbers.

[2] To further complicate matters, there was already an Exhibit 19F in the administrative transcript. (R. 1347-61).

3

of Exhibit 11F, the ALJ must have treated them as part of that 151-page exhibit.  Ergo, counsel argued that remand was required since the ALJ must have been referring to these records that belong to a different person in citing to Exhibit 11F in support of his decision.  The Government countered by arguing that these seven pages did, in fact, relate to Plaintiff and that they even contained her date of birth.  Both attorneys, as it turned out, were incorrect.

The documents labeled 19F, on even cursory review, refer to events that happened long after the ALJ rendered his decision that Plaintiff was not disabled on July 22, 2011.  In fact, the cover letter that is part of the exhibit shows that they were submitted, not to the ALJ, but to the Appeals Council on September 26, 2012.  Considering that the cover letter clearly states that these documents refer to the other individual, expressly identified by a different social security number, it does not appear that these records were even considered by the Appeals Council as part of this matter.[3]  Indeed, these documents appear to be Exhibit 19F in an entirely different case, Civil No. 13-24.  It can only be assumed, then (if it is safe to assume anything in this case), that the Commissioner made a

---

[3]  The Appeals Council made no mention of this evidence in denying Plaintiff's request for review, although it did reference other evidence submitted after the ALJ's decision.  (R. 1-7).

4

clerical error by mistakenly including the seven pages in the record of this case. Regardless, it is quite apparent that documents submitted a year after the ALJ's decision and that relate to events that had yet to occur were **not** relied upon by the ALJ in reaching his decision. Accordingly, there would have been absolutely no reason to remand this matter based on the existence of this material.[4] These pages certainly should not have been there, but they themselves were not the problem.[5]

The reason why the confusion surrounding Exhibits 11F and 19F is relevant is because, as noted, the ALJ cited extensively to Exhibit 11F in reaching his conclusion that Plaintiff is not disabled, particularly in support of his discussion of her drug-seeking behavior which weighed heavily in his credibility determinations. Although Plaintiff's claim that the ALJ's citations to Exhibit 11F might be referring to the yet-to-exist

---

[4] Just to clarify, it is the ALJ's decision that a district court reviews on an appeal of a denial of benefits. Evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, even if it was submitted to the Appeals Council. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011).

[5] That said, the Government's claim that pages 462-68 of the transcript relate to Plaintiff and identify her by her birthdate is simply wrong. They do not. While the source of this confusion is unclear, given that the Government's brief cites to pages in the transcript that were not part of the transcript filed here at the time the brief was filed, the Government may have been working from a different version of the transcript.

Exhibit 19F was obviously not correct, it soon became apparent that part of this uncertainty was that an *additional* part of Exhibit 11F was missing from the administrative transcript filed with the Court -- pages 25-135.  Specifically, after the misplaced seven pages called Exhibit 19F, which ended on page 468 of the transcript, there was nothing until page 573 of the transcript, which picks back up with what is labeled page 136 of Exhibit 11F.  Many of the ALJ's citations were to records contained in this missing material.  So the Court went about trying to determine what happened to pages 469-572.

On short notice, personnel at the United States Attorney's office handling this matter worked hard to quickly obtain and file the missing pages.  On September 25, 2014, they were able to file an errata containing pages marked 469-572.  Presumably, this should have finally corrected the problem, but it did not. Page 469 of the transcript was not, as might be expected, page 25 of Exhibit 11F, but rather page 32.  Indeed, pages 25-31 of Exhibit 11F were nowhere to be found, apparently having been superseded by the seven-page Exhibit 19F containing the medical records of an innocent bystander.  In other words, rather than the seven pages of Exhibit 19F merely being dropped in the middle of Exhibit 11F, they actually replaced seven pages of the exhibit that apparently was before the ALJ.  Since the page numbers on the filed transcript now show no gaps, the Court has

6

to assume that the seven apparently missing pages of Exhibit 11F are no longer part of the record.

Were that seven other pages were missing, none of this may have mattered. However, as noted, the ALJ, in his thoroughness, cited not just to Exhibit 11F generally in discussing Plaintiff's drug-seeking behavior, but to specific page numbers of that exhibit as it appeared before him. Two of his citations were to pages included in the missing seven -- pages 29 and 31. As discussed, the 29th and 31st pages of Exhibit 11F, as it now appears in the transcript, are pages dealing with the third person's medical history pertaining to another case. Again, for the reasons stated, it is obvious that the ALJ was not referring to those pages. Nonetheless, the Court is unable to review two of the pages upon which the ALJ apparently did rely. Ultimately, then, the problem is not that the seven pages of Exhibit 19F were included, but that the seven lost pages of Exhibit 11F were not.

Despite the fact that the ALJ relied on more than just those two pages in making his findings and in discussing the drug-seeking behavior that he found relevant in determining the validity of Plaintiff's claimed impairments, the existence of other evidence does not mean that the missing portion of the administrative record is not material, given that it was expressly relied upon by the ALJ. Indeed, the Government, in

its brief, also cites to these pages (calling them pages 466 and 468 – the pages that would have matched up with pages 29 and 31 of Exhibit 11F had they been included in the transcript). Given the reliance on this information by both the ALJ and the Government, the Court finds the missing evidence to be material. Since the Government failed in its duty to file a complete and accurate transcript containing all of the material information, the Court simply cannot determine whether the ALJ's decision was supported by substantial evidence.

There is no good reason for the Court to adjudicate this matter based on such an untrustworthy record. Accordingly, this case must be remanded to clarify the record, hopefully by removing the unwarranted Exhibit 19F and instead providing a complete and accurate copy of Exhibit 11F.


<u>s/Alan N. Bloch</u>
United States District Judge


ecf:    Counsel of record