IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA BIRKNER,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　 )　Civil Action No. 13-103-E
　　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, ACTING　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

O R D E R

AND NOW, this 29th day of October, 2015, upon consideration of Defendant's Rule 60(b) Motion for Relief from the Court's September 29, 2014 Order Remanding the Case to Clarify the Transcript (Doc. No. 35) filed in the above-captioned matter on February 23, 2015, and in further consideration of Plaintiff's response thereto (Doc. No. 40) filed on March 29, 2015, and Defendant's reply (Doc. No. 42) filed on April 14, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED as untimely.

On September 29, 2014, the Court remanded this case to the Commissioner of Social Security pursuant to Section 405(g) to clarify the record, specifically by removing pages identified as Exhibit 19F that pertained to a different individual, and by providing a complete and accurate copy of Exhibit 11F. Indeed, this remand occurred only after several attempts by Defendant and by the Court to remedy errors in the administrative record. Accordingly, on September 29, the case was sent back to the administrative level, and the Court filed a final judgment order and closed the case.

Subsequently, on December 29, 2014, counsel for Plaintiff filed a motion seeking attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Defendant opposed this motion, in part because of her claim that the fees sought by Plaintiff's counsel were unreasonable. On or about February 12, 2015, counsel for Plaintiff, apparently in connection with this dispute, served on Defendant a request for the production of documents. Shortly thereafter, on February 23, Defendant filed the present motion asserting that the full and complete administrative record was now available and asking the Court to therefore re-open this case for adjudication on the merits. Plaintiff opposes the motion, arguing that it was untimely. The Court agrees with Plaintiff.

Federal Rule of Civil Procedure 60(b) provides:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Defendant specifically requests relief from the Court's final judgment pursuant to subsection (b)(1), arguing that the judgment was based on the mistaken administrative record that has now been corrected.

Rule 60(c) provides that a motion pursuant to Rule 60(b)(1) must be filed within a reasonable time and, in any event, not more than one year after judgment was entered. See Fed. R. Civ. P. 60(c); Pierce Associates, Inc. v. Nemours Foundation, 865 F.2d 530, 548 (3d Cir. 1989). The one-year limitation period "represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired." Johnson v. Life Ins. Co. of North America, Civ. No. 12-498, 2014 WL 4792173, at *9 (W.D. Pa. Sept. 23, 2014) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2866 (3d Ed. 1998)). See also Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct., Civ. No. 07-1588(JBS), 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986)). Determining a reasonable amount of time for purposes of Rule 60(b)(1) depends on the specific circumstances of the case. See In re Diet Drugs Prod. Liab. Litig., 383 Fed. Appx. 242, 246 (3d Cir. 2010). Factors for a court to consider include finality; the reason for the delay; the practical ability of the litigant to learn of the grounds relied upon earlier; and the potential prejudice to other parties. See id. Stated somewhat differently, the court should consider the danger of prejudice to nonmovants; the length of the delay and its impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. See Liguori v. Allstate Ins. Co., Civ. No. 14-636, 2015 WL 71384, at *1 (D.N.J. Jan. 6, 2015) (citing Pioneer Invest. Servs. Co. v. Brunswick Associated Ltd. Partnership, 507 U.S. 380, 395 (1993)).

Here, the circumstances of the case indicate that Defendant's motion under Rule 60(b)(1) is not timely. Courts obviously have a strong interest in finality, see Johnson v. Life Ins. Co. of North America, 2014 WL 4792173, at *10, that Defendant must overcome, and she has failed to

do so.  The fact that the administrative record was flawed was known to Defendant since at least August of 2013, and both Defendant and the Court attempted to rectify those flaws while the case was pending.  When Defendant failed adequately to correct the transcript, the Court remanded the matter and entered final judgment on September 29, 2014, and, in its remand order, explained the nature of the problem with the record at great length.  Nonetheless, the present motion was not filed until almost five months after the entry of final judgment.

No particular reason has been given for this delay or as to why the present motion was not filed in October of 2014 rather than in February of 2015.  Indeed, Defendant acknowledges that she was in possession of a correct copy of the transcript at the time judgment was entered (and, in fact, during the entire time this case was pending), and she could have moved to re-open the matter at any time after judgment was entered.  Instead, she chose to wait until after the case had been on remand back to the administrative agency for a lengthy period, and even then, seemingly only in response to tactics taken by Plaintiff in regard to her EAJA fee petition.  Considering that Plaintiff has already expended resources seeking fees in this matter, she would be prejudiced by nullifying that work and allowing Defendant to now fix a mistake that should have been fixed long ago.  While the Court is not implying that the Commissioner has acted in bad faith, the factors simply do not justify the lengthy delay in seeking the relief now sought.  Indeed, other courts have found similar delays to preclude the filing of a Rule 60(b)(1) motion.  See, e.g., Liguori v. Allstate Ins. Co., 2015 WL 71384, at *2.

Accordingly, the Court finds that Defendant's Rule 60(b)(1) motion is untimely, and it is therefore denied.  The Court will not set aside judgment and re-open the case.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

4