IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA BIRKNER,  )
                )
  Plaintiff,    )
                )
  vs.           )   Civil Action No. 13-103-E
                )
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
                )
  Defendant.    )

O R D E R

AND NOW, this 27th day of May, 2016, upon consideration of Plaintiff's "Motion for Attorneys Fees under the Equal Access to Justice Act" (Doc. No. 24) and memorandum in support thereof (Doc. No. 25), filed in the above-captioned matter on December 29, 2014, and in further consideration of Defendant's response thereto (Doc. No. 31), filed on February 3, 2015, and on Plaintiff's reply (Doc. No. 46), filed on November 19, 2015,

IT IS HEREBY ORDERED that said motion is GRANTED. IT IS FURTHER ORDERED that Plaintiff, Lisa Birkner, is awarded attorney fees under the Equal Access to Justice Act in the amount of $8,266.12. These attorney fees will be paid directly to Plaintiff and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

Plaintiff's counsel seeks fees under the Equal Access to Justice Act, 28 § U.S.C. 2412(d) ("EAJA") in connection with the above-captioned Social Security matter litigated before this Court. His firm represented Plaintiff in this matter, an appeal from the determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits. On September 29, 2014, this Court found that since Defendant had failed in its duty to file a complete and accurate transcript, the Court could not determine whether the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence. Therefore, the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) to clarify the record, specifically by removing pages identified as Exhibit 19F that pertained to a different individual, and by providing a complete and accurate copy of Exhibit 11F.

Plaintiff's counsel now seeks fees in the amount of $8,266.12 based on 43.6 hours of work spent on this case before the Court. Defendant opposes counsel's request, arguing that its position in opposing Plaintiff's appeal of the Commissioner's denial of benefits was substantially justified. In the alternative, Defendant argues that, even if fees under the EAJA are warranted, the fees sought by Plaintiff's counsel are excessive. The Court disagrees with Defendant and finds that its position was not substantially justified and that the amount of fees sought is reasonable.

Pursuant to the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special conditions make an award unjust." 28 U.S.C. §

2412(d)(1)(A).[1]  This means that fees can be ordered under the EAJA unless the government's position "has a reasonable basis in both law and fact."  Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009) (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)).  It is Defendant's burden to establish that its position: (1) had a reasonable basis in truth for the facts alleged; (2) had a reasonable basis in law for the theory propounded; and (3) had a reasonable connection between the facts alleged and the legal theory advanced.  See id.  However, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits."  Id. (quoting Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998)).  Indeed, "a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified."  Id.  The Court must look at the totality of the circumstances in making its decision.  See id. (citing Roanoke River Basin Assoc. v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993)).

Here, Defendant argues that it was justified in opposing Plaintiff's appeal because it was justified in defending what the Court itself described as the ALJ's "thorough and well-written" decision, regardless of the clerical errors affecting the transcript before the Court.  While the Court agrees that the ALJ did a fine job, the reason for the remand had nothing to do with his July 22, 2011 decision.  As the parties are aware, the Court, on multiple occasions, informed Defendant of flaws in the transcript and Defendant, on each of these multiple occasions, failed to correct these shortcomings adequately.  This failure led to several pages on which the ALJ expressly relied, and to which Defendant cited in supporting his decision, not being available for the Court to review.  Left without a sufficiently trustworthy transcript, and having tried several

---

[1] A party who obtains an order remanding her case under sentence four of Section 405(g) to the Commissioner is a prevailing party.  See Shalala v. Schaeffer, 509 U.S. 292, 300-02 (1993).  The parties here do not dispute that Plaintiff is, in fact, a prevailing party.

times to remedy the situation, the Court remanded the matter and entered final judgment on September 29, 2014, and, in its remand order, explained the nature of the problem with the record at great length. Therefore, the problem here was not that Defendant was necessarily unjustified in defending the ALJ's decision, it is that it failed to provide the Court with the materials it needed to review this decision.

Pursuant to Section 405(g), when judicial review of a social security decision is sought, the Commissioner must file with its answer a certified copy of the transcript of the record including the evidence upon which the decision being challenged was based. When material information from the administrative proceedings is omitted from the transcript when filed before the district court, it prevents meaningful judicial review and warrants a remand. See Hippensteel v. Soc. Sec. Admin., 302 F. Supp. 2d 382 (M.D. Pa. 2001). Defendant certainly was not substantially justified in failing to adhere to its duty to provide an adequate record to the Court, and any claim that this error was a reasonable clerical error is belied by the multiple failures to remedy the problem as requested. Likewise, continuing to defend the case despite notice of the inadequate record was not justified. Moreover, although Plaintiff's counsel misinterpreted the nature of the error, the problems with the transcript did underlie the grounds on which Plaintiff sought remand. Accordingly, the Court finds that Defendant's opposition to remand was not substantially justified, and that an award of fees pursuant to the EAJA is warranted.

The Court also disagrees that the fees requested by Plaintiff are unreasonable. Defendant is correct, of course, that the Court must determine that the fees sought under the EAJA are reasonable and may adjust the award accordingly. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161 (1990); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The record here demonstrates an unusually large administrative

record of over 1,500 pages and a persistent error in the transcript which led to a great deal of confusion on the part of all parties. Given the size of the record and the need for Plaintiff's counsel to interpret a flawed transcript, the amount of time requested, 37.6 hours, cannot be said to be unreasonable.[2] Indeed, for the most part, Defendant merely provides its own somewhat arbitrary opinions as to how much time would have been reasonable for the various tasks performed by Plaintiff's counsel and/or cites to other unrelated cases in which courts had reduced the amount of fees requested by this particular firm. The Court finds no merit in these vague assertions. Moreover, the size of the transcript certainly warranted the relatively small amount of time spent by Plaintiff's counsel in reviewing the case prior to the actual filing of the complaint. Finally, Defendant's actions after the request for fees was filed, i.e., seeking to re-open the case and opposing an award of fees, justify the 6 hours claimed by Plaintiff to review Defendant's Rule 60(b) Motion (Doc. No. 35), and its Brief in Opposition to Plaintiff's Motion for Attorney's Fees (Doc. No. 31), and to respond to these filings. The Court notes that Plaintiff prevailed in opposing Defendant's Rule 60(b) motion and in seeking EAJA fees. These additional six hours bring the total amount of EAJA-compensable time to 43.6 hours. The Court finds this to be reasonable under the circumstances of this case.

---

[2] The Court notes that Defendant does not challenge Plaintiff's requested hourly rate of $189.59. Section 2412(d)(2)(A) provides that attorney fees shall not be awarded in excess of $125.00 per hour unless the Court determines that a cost of living adjustment should apply or that a special factor justifies a higher fee. Applying the consumer price index shows that a rate of $189.59 per hour appears to be reasonable. See Garcia v. Schweiker, 829 F.2d 396, 401 (3d Cir. 1987) (holding that the consumer price index may be used to determine cost of living adjustments under the EAJA).

Accordingly, the Court hereby orders that $8,266.12 be paid directly to Plaintiff in this matter for attorney fees in this case as set forth herein.

s/Alan N. Bloch  
United States District Judge

ecf: Counsel of record